**Aida FELIX, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 98–284.**

United States Court of Appeals for Veterans Claims.

Aug. 11, 1999.

Before NEBEKER, Chief Judge, and IVERS and GREENE, Judges.

## ORDER

PER CURIAM:

On April 13, 1999, the Court ordered that the Secretary supplement the record and provide additional briefing. The appellant and amici were also invited to provide additional briefing. The Secretary supplemented the record on April 30, 1999, and provided additional briefing on June 14, 1999. Neither the appellant nor amici responded. It appears that the amici were not notified of the Court's order. On August 3, 1999, counsel entered an appearance on behalf of the formerly pro se appellant. Because the Court has determined the need for additional briefing, the following information is provided.

The appellant is the surviving spouse of veteran Martin Guzman Lozada. Record (R.) at 56. Mr. Lozada had active service in the U.S. Army from April 1945 to May 1946 and from April 1950 to April 1971. R. at 2, 17. He was granted a 100% rating for service-connected schizo-affective disorder, effective December 22, 1976. R. at 10–11. In 1985, his rating for schizo-affective disorder was reduced to 50%, resulting in a combined rating of 60%. *Id.* In 1987, his combined rating was increased to 80%. R. at 14–15. A May 1994 rating decision found the veteran totally disabled on the basis of unemployability (TDIU), effective March 14, 1991. R. at 20–23.

In June 1994, the appellant requested that his case be considered under provisions of the October 15, 1993, Stipulation and Order in *Giusti–Bravo v. United States Veterans Administration,* 853 F.Supp. 34 (D.P.R.1993). R. at 28. *Giusti–Bravo,* a class-action lawsuit, involved Puerto Rican and Virgin Island veterans whose 100% service-connected evaluations based upon neuropsychiatric disorders were reduced under a special mass review instituted by VA. The Stipulation and Order provided that each class member would receive a special settlement review that vacated each neuropsychiatric disability rating decision rendered between January 8, 1982, and the date of the special settlement review.

On August 4, 1994, the regional office (RO) conducted a special review of Mr. Lozada's case under Veterans Benefits Administration (VBA) Circular 21–94–2, VA's implementing instruction for rating *Giusti–Bravo* cases, and granted Mr. Lozada a retroactive 100% rating, effective September 1, 1985, through March 14, 1991. R. at 30–34. The RO authorized the award on October 7, 1994. R. at 4. The veteran died on October 9, 1994. R. at 69. Fiscal authorization was annotated on October 12, 1994. R. at 4, 53. Unaware that the veteran had died, VA issued checks in his name for retroactive benefits from 1985 to 1991. R. at 87. The appellant claims that someone at the RO instructed her to return the checks and that they would be reissued in her name. Appellant's Informal Brief (Br.). She returned the checks, but they were never reissued. A January 30, 1995, letter from the RO to the appellant explained to her that she was not entitled to the accrued benefits. R. at 75–76. The appellant filed a Notice of Disagreement (R. at 81), the RO issued a Statement of the Case (R. at 84–90), and she appealed to the Board of Veterans' Appeals (Board) (R. at 92).

The Board determined that there was no basis, under the applicable statutes, regulations, and the *Giusti–Bravo* settlement, to award the appellant the retroactive benefits due and unpaid at the time of her husband's death. She appealed to this Court.

On January 8, 1999, the case was assigned to a panel. Upon further consideration, the Court has determined the need for additional briefing addressing the following issues (to which the Secretary has already responded):

(a) How do 38 U.S.C. §§ 5121 and 5122 and their corresponding implementing regulations, 38 C.F.R. §§ 3.1000 and 3.1003, apply to the appellant?

(b) Of what significance, if any, are the dates of October 15, 1993 (date of the *Giusti–Bravo* settlement), August 4, 1994 (date of rating decision), October 7, 1994 (date of RO's authorization of the award), and October 12, 1994 (date of fiscal authorization) in determining whether the benefits were "due and unpaid for a period not to exceed two years"? *See* 38 U.S.C. § 5121(a).

(c) What is the authority for asserting that accrued benefits are limited to the benefits

due the veteran only in the two years immediately preceding his death?

Accordingly, it is

ORDERED that the appellant, not later than 60 days after the date of this order, may file a memorandum on the issues stated above. It is further

ORDERED that not later than 60 days from the date of this order any interested individual or entity may submit a memorandum, as amicus curiae, on the issues stated above.